UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                      Case No. 8:94-CR-285-T-27TBM

**ANTHONY MORALES**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant's *pro se* "Motions for Reduction of Sentence." (Dkts. 138, 140). The motions are DENIED.

After a jury trial, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e); and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a). Defendant was sentenced to 320 months imprisonment as to Counts One and Three, to be followed by 5 years of supervised release.[1]

On March 25, 2008, an Order was entered denying Defendant the benefit of a sentence reduction pursuant to Amendment 706 of the guidelines which were made retroactive through Amendment 713. (Dkt. 129). As explained in the Order, Defendant's sentence did not rest on §2D1.1 of the United States Sentencing Guidelines. Because Defendant was found to have at least two prior felony convictions for controlled substance offenses, he was classified as a career offender and his base offense level was increased to 34 under § 4B1.1 of the Sentencing Guidelines, not § 2D1.1. Defendant was further found to be an armed career criminal as defined in USSG § 4B1.4(a), requiring an offense level of 34. He was sentenced to 320 months imprisonment to be followed by

---

[1] Defendant was originally sentenced to 320 months imprisonment on Counts One and Three, and a 60 month sentence as to Count Two, consecutive to Counts One and Three. (Dkts. 41, 44). After appeal, Defendant's sentence on Count Two was vacated and Defendant was resentenced to 320 months imprisonment as to Counts One and Three. (Dkts. 71, 73).

5 years of supervised release. (Dkts. 71, 73).

Following the same analysis, even if Amendment 750 had been in effect at the time of Defendant's sentencing, it would not have lowered the applicable sentencing guidelines range by virtue of his career offender status. *United States v. Clayton*, ___ Fed. Appx. ___, 2012 WL 1889691, 3 (11th Cir. May 25, 2012)(where defendant sentenced as career offender, Amendment 750 does not change offense level or guideline range).

Accordingly, Defendant's "Motions for Reduction of Sentence."(Dkts. 138, 140) are DENIED.

**DONE AND ORDERED** this 23rd day of October, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant
Counsel of record